UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| MARCO ANTONIO ALONSO, § § Plaintiff, § § v. § § UNITED STATES OF AMERICA, § et al., § Defendants. § | Case No. 1:16-cv-199 |

### MAGISTRATE JUDGE'S
### REPORT AND RECOMMENDATION

The Court is in receipt of Defendants' Motion to Dismiss (hereinafter Defendants' "Motion") moving the Court to dismiss Plaintiff's claims pursuant to Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure. *See* Dkt. No. 4 at 1. For the reasons stated below, the undersigned recommends that Defendants' Motion be GRANTED.

### I.     Legal Standards

A party may move the court to dismiss a plaintiff's cause of action pursuant to Rule 12(b). *See* FED. R. CIV. P. 12(b). However, a party seeking to dismiss a complaint under Rule 12(b) must assert these defenses prior to filing its answer. *Id.* As opposed to motions to dismiss under Rule 12(b)(6), where the plaintiff's allegations are taken as true and viewed under the best light, the plaintiff bears the burden of proof that jurisdiction exists under Rule 12(b)(1). *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Further, courts must consider a

jurisdictional attack under Rule 12(b)(1) prior to considering other grounds for dismissal. *Id.* Finally, in considering whether it has subject matter jurisdiction, a court may consider matters of fact that are either in dispute or outside the pleadings. *See id*; *Clark v. Tarrant County*, 798 F.2d 736, 741 (5th Cir. 1986).

A court may dismiss a claim under 12(b)(1) or 12(b)(6) if it is "beyond doubt that the plaintiff cannot prove" her "well-pled" factual allegations in the complaint, which are viewed as true and in the light most favorable to the plaintiff. *See Lane v. Halliburton,* 529 F.3d 548, 557 (5th Cir. 2008). Therefore, a complaint must contain sufficient factual matter that states a claim to relief that is "'plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation omitted). Legal conclusions that are "naked assertions devoid of further factual enhancement" or "formulaic recitation of [a claim's] elements" are not enough. *Id.* Instead, factual allegations are facially plausible when they allow a court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* However, when factual allegations are intertwined with the merits, i.e. where the allegations shed light to both the basis of federal court subject matter jurisdiction and the cause of action, a court should not dismiss the claims unless they are "immaterial or wholly insubstantial and frivolous." *See Clark*, 798 F.2d at 741. Finally, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

## II. Discussion

On August 4, 2016, Plaintiff filed a Complaint seeking a declaratory judgment against Defendants that declares Plaintiff is in fact a United States citizen. Dkt. No. 1 at 3. On October 14, 2016, Defendants filed the instant Motion to Dismiss pursuant to Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure. *See* Dkt. No. 4. Defendants argue that Plaintiff improperly brought his claim under 8 U.S.C. § 1503(a) because Defendants denied Plaintiff's application because he failed to provide proper identification. *See* Dkt. No. 4 at 6. Plaintiff argues that Defendants' position is "sophistry" because, by denying Plaintiff's application for failing to provide proper identification, Defendants in effect denied his claim to United States citizenship. Dkt. No. 5 at 4. To this, Plaintiff alleges that "[u]nless [Defendants] are asserting that Plaintiff has engaged in a massive ID theft, and has gone to prison impersonating someone else, there is no real basis for denying the passport for lack of proper identification." *Id.* at 4-5. Alternatively, Plaintiff asserts that he should be allowed to amend his Complaint to add a claim under the Administrative Procedure Act (hereinafter the "APA"). *Id.* at 5.

Section 1503(a) of title 8 of the United States Code states that "any person who. . . is denied such right or privilege by any department or independent agency, or official thereof, upon the ground that he is not a national of the United States, such person may institute [a] [civil] action[.]" 8 U.S.C. § 1503(a). The Secretary of State is tasked with the authority to grant and issue passports. *See* 22 U.S.C. §211a. One of the regulations promulgated by the Secretary of State to fulfill these

duties states that an "applicant must establish his or her identity by the submission of a previous passport, other state, local, or federal government officially issued identification with photograph, or other identifying evidence which may include an affidavit of an identifying witness." 22 C.F.R. § 51.23(b). The regulation also states that the State Department may require additional evidence of identity as it deems necessary. *See id.* at (c).

On July 15, 2015, Defendants sent Plaintiff a letter requesting additional identification and to confirm Plaintiff's social security number, as there was a mistake on his application. *See* Dkt. No. 2-1 at 22. On July 23, 2015, Plaintiff's attorney forwarded two forms of identification to Defendants. *See id.* at 21. On October 2, 2015, Defendants sent Plaintiff a final letter denying his application because "[t]he evidence received is not sufficient to establish your identity." *Id.* at 26. This does not fall under the limited avenue for a cause of action under § 1503(a) because Defendants clearly stated that his application was denied due to insufficient production of identification, which it may do lawfully. *See* 22 C.F.R. § 51.65; *see also Karnley Jarbie v. Office of AG Eric H. Holder*, 2016 U.S. Dist. LEXIS 107974 *16-18 (S.D.N.Y. Aug. 12, 2016). Thus, for the reason above, Plaintiff's claim is subject to dismissal.

Alternatively, in anticipation of dismissal, Plaintiff states that he "should be allowed to amend his complaint to add a count under the Administrative Procedure Act." *See* Dkt. No. 5 at 5. Federal Rule of Civil Procedure 15(a)(1)(B) allows plaintiffs to amend a complaint as a matter of course within 21 days after service of

a motion under Rule 12(b). FED. R. CIV. P. 15(a)(1)(B). However, a plaintiff may not amend his complaint through argument in a brief opposing dismissal of his claims. *See Doty v. Sun Life Assur. Co.*, 2009 WL 3046956 *16 (S.D.Tex August 31, 2009). Therefore, Plaintiff's request to amend his Complaint is DENIED. Further, even if Plaintiff's argument is taken as a motion for leave to amend Plaintiff's Complaint, pursuant to Rule 15(a)(2), Plaintiff failed to file an amended complaint in conjunction with his motion or otherwise conform to the Rule 8 pleading standard. *See* FED. R. CIV. P. 15(a)(2); *see* Dkt. No. 5; *see generally* FED. R. CIV. P. 8. Further, Plaintiff's motion for leave could be denied because amendment under his theory would be futile. *See Briggs v. Mississippi*, 331 F.3d 499, 508 (5th Cir. 2003) (finding a district court did not abuse its discretion when denying a plaintiff's proposed amended complaint because the amended complaint could not survive a motion to dismiss and would be futile).

Plaintiff's proposed theory is that the identification documents presented by him were sufficient for the State Department's purposes, and therefore the agency's denial was arbitrary and capricious. *See* Dkt. No. 5 at 5. Upon the government agency's request, Plaintiff provided two forms of identification. The first form was an employment identification card that expired in December, 2011. *See* Dkt. No. 2-1 at 23. The second form was an "identification card" purportedly issued by the State of Texas. *Id.* at 24. The Court finds that the card was not issued by the State of Texas, as it bears no resemblance to Texas identification cards issued in 2014 and lacks other important details known to be contained on those cards. For example,

the size and type of the font on the card submitted by Plaintiff differs significantly from known Texas identification cards issued during that time period. *See* Tex. Dep't. Pub. Safety, *Texas DL and ID Card Features* (April 2009), http://www.texaspoliceassociation.com/pdfs/TexasNewDLInfoSheetApr2009.pdf; Dkt. No. 2-1 at 24. Additionally, Plaintiff's card does not have an issuing number, which Texas identification cards contain on their front. *Id.* Finally, the expiration date is incorrect, as Texas identification cards expire six years after the date of issuance. *Id.*

The Supreme Court has long-held that the arbitrary and capricious standard is narrow and that a reviewing court may not simply substitute its judgment for that of the agency. *See Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983). A court's review is limited to considering whether:

> the agency examine[d] the relevant data and articulate[d] a satisfactory explanation for its action including a "rational connection between the facts found and the choice made." In reviewing that explanation, we must "consider whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment." Normally, an agency rule would be arbitrary and capricious if the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise. The reviewing court should not attempt itself to make up for such deficiencies; we may not supply a reasoned basis for the agency's action that the agency itself has not given. We will, however, "uphold a decision of less than ideal clarity if the agency's path may reasonably be discerned."

*Id.* (internal citations omitted). Under this standard, the Court cannot say that the State Department's decision, to deny Plaintiff's passport application because Plaintiff failed to provide sufficient identification, was arbitrary and capricious. The State Department was lawfully able to request additional identification documents to determine Plaintiff's identity matched his purported birth certificate. *See* 22 C.F.R. § 51.23. None of the additional identification evidence before the State Department was issued by a state agency, and at least one item submitted has been shown not to be a state-issued identification card. *See* Dkt. No. 2-1 at 23-24. Based on these facts alone, the decision to deny Plaintiff's application due to insufficient evidence to determine his identity cannot be found to be arbitrary or capricious. Therefore, the undersigned finds that alternatively granting Plaintiff leave to amend his Complaint, if such were requested, would be futile.

## IV. Recommendation

For the reasons stated above, the undersigned recommends that Defendants' Motion be GRANTED.

## V. Notice to Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-

to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Signed on this 20th day of December, 2016.

_____
**Ignacio Torteya, III**
**United States Magistrate Judge**