Case 1:16-cv-00199 Document 18 Filed in TXSD on 02/07/17 Page 1 of 12

United States District Court
Southern District of Texas
**ENTERED**
February 08, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| MARCO ANTONIO ALONSO, § <br> Plaintiff, § <br> § <br> v. § <br> § <br> Hon. JOHN KERRY, Secretary of the § <br> Department of State and UNITED § <br> STATES OF AMERICA § <br> Defendants. § | Civil Action No. 1:16-cv-0199 |

### ORDER ADOPTING MAGISTRATE
### JUDGE'S REPORT AND RECOMMENDATION

This case arises from the government's denial of Marco Antonio Alonso's passport application. Alonso (hereafter "Plaintiff") requests that the Court grant him a declaratory judgment granting him U.S. citizenship under 8 U.S.C. § 1503, or, in the alternative, Plaintiff requests that the Court allow him to amend his complaint to add two counts under the Administrative Procedure Act (hereafter "APA"). Docket No. 13.

Before the Court is the "Report and Recommendation of the Magistrate Judge" (Docket No. 11) in the above-referenced case. The Magistrate Report and Recommendation recommends that Defendants' motion to dismiss be granted. For the reasons stated below, the "Report and Recommendation of the Magistrate Judge" (Docket No. 11) is **ADOPTED.**

I. **FACTUAL BACKGROUND**

Plaintiff claims he was born in San Juan, Texas, through the assistance of a midwife, sometime in December of 1965. Docket No. 1 at 2. Fifteen days after Plaintiff's birth, his birth was registered with the State of Texas; the Plaintiff's name on said document is listed as Marco Antonio Alonso. Docket No. 2 Ex. 1. Plaintiff also has a Mexican birth certificate, stating that he was born in Matamoros, Mexico; the Mexican birth certificate lists Plaintiff's name as Marco

1

Antonio Alonso Castillo. Docket No. 2 Ex. 4. Plaintiff states that when he was almost two months old, his parents registered him in Mexico as if he had been born in Matamoros, Tamaulipas. Docket No. 1 at 2.

In May of 2014, Plaintiff filed a passport application. Docket No. 1. at 2. There is no reference to the documents, if any, that were presented when Plaintiff applied for his passport on said date, as evidenced by the absence of a pleading of facts on the issue. *See* Docket No. 1 at 2; *see* Docket No. 13 at 2, 5. On July 15, 2015, the United States Department of State (hereafter "DOS") acknowledged receipt of Plaintiff's passport and advised him that his identification was insufficient. Docket No. 2 Ex. 6. Specifically, said correspondence requested the Plaintiff to submit a photocopy (front and back) of "**one or more** of the following valid documents in the name you are currently using: Driver's license; State identification card; Military identification; Student identification (high school or college/university); or Federal/state/municipal employee identification card." *Id.* The DOS correspondence also advised Plaintiff that his Social Security Number appeared to have been written incorrectly on his application. *Id.*

On July 23, 2015, Plaintiff responded to the State Department's request by submitting two identifications, a "Work ID" and a "TX ID." Docket No. 2 Ex. 6. On October 2, 2015, DOS denied his application, stating that Plaintiff's submitted supplementary identification was insufficient. Docket No. 2 Ex. 7.

II. **PROCEDURAL HISTORY**

On August 4, 2016, Plaintiff filed a "Complaint for Declaratory and Injunctive Relief" (Docket No. 1), seeking a declaratory judgment that he is a U.S. citizen under 8 U.S.C. § 1503. Docket No. 1 at 3. On October 14, 2016, Defendants timely filed "Defendants' Motion to Dismiss" (Docket No. 4). Defendants' claim that Plaintiff's complaint fails for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). Docket No. 4 at 1. Defendants' argue that Plaintiff improperly brought his claim under 8 U.S.C. § 1503 because Plaintiff's passport

application was not denied on a finding that Plaintiff is not a national of the United States, as is required to obtain relief under the statute. Rather, Plaintiff's application was denied because Plaintiff failed to provide proper identification. *Id.* at 4.

On October 29, 2016, Plaintiff timely filed "Plaintiff's Opposition to Defendants' Motion to Dismiss" (Docket No. 5). Plaintiff argues that Defendants' position is "sophistry" in that a rejection of identifying documents in a passport application is, in essence, a rejection of Plaintiff's claim of U.S. citizenship. Plaintiff maintains that "[u]nless [Defendants] are asserting that Plaintiff has engaged in massive ID theft, and has gone to prison impersonating someone else, there is no real basis for denying the passport for lack of proper identification." Docket No. 5. At 4–5. Alternatively, Plaintiff requests in three sentences that he be allowed to amend his Complaint to add an APA claim arguing that his application was denied arbitrarily, capriciously and/or in violation of the law. *Id.* at 5. Plaintiff did not file an amended complaint.

On November 15, 2016, Defendants' timely filed "Defendants' Reply to Plaintiff's Opposition to Defendants' Motion to Dismiss" (Docket No. 6). Defendants' respond to Plaintiff by stating that the issues of identity and nationality are treated separately under the regulations; an applicant must submit both proof of both identity and nationality when DOS determines eligibility for a U.S. passport. Docket No. 6 at 3–4.

On December 20, 2016, the Magistrate Judge Torteya filed the "Magistrate Judge's Report and Recommendation" (Docket No. 11). First, the Magistrate Judge, citing *Karnley Jarbie v. Office of AG Eric H. Holder*, 2016 U.S. Dist. LEXIS 107974 (S.D.N.Y. Aug. 12, 2016), held that Plaintiff's request for declaratory judgment is subject to dismissal because denying Plaintiff his passport on the basis of insufficient evidence of identity is not only lawful, but also not a cognizable claim under 8 U.S.C. § 1503. Docket No. 11 at 4. Second, in response to Plaintiff's request to amend his complaint to add an APA claim, the Magistrate held that Plaintiff's request failed for three reasons: (1) "[P]laintiff may not amend his complaint

3

through argument in a brief opposing dismissal of his claims;" (2) Plaintiff failed to file an amended complaint in conjunction with his motion in accordance with Rule 8 and Rule 15 of the Federal Rules of Civil Procedure; and (3) Plaintiff's motion for leave could be denied because an argument that DOS acted arbitrary and capriciously would be futile. *Id.* at 5.

On January 2, 2017, Plaintiff timely filed "Plaintiff's Objections to the Magistrate Judge's Report and Recommendation, and Opposed Motion for Leave to File an Amended Complaint" (Docket No. 13). Plaintiff re-argues that a passport denial for failure to prove identity constitutes a finding that the Plaintiff has not shown he is a U.S. citizen and asserts this Court would be "essentially closing its doors" to Plaintiff's claim of U.S. citizenship. Docket No. 13 at 5–6. Plaintiff also urges the Court to allow an amended complaint with an APA claim. Plaintiff asserts that the identification presented when he first applied for his passport, the "Work ID," along with court records from his criminal case and testimony from his father would establish his identity. *Id.* at 6. Plaintiff asserts that the Magistrate's decision that Plaintiff's APA "arbitrary and capricious" claim would be futile was "unduly deferential" to DOS' decision. *Id.* at 6–7. Further, Plaintiff argues that by limiting the documents for proving identity that Plaintiff could provide in its correspondence, DOS' actions were "not in accordance with the law" under 22 C.F.R. § 51.23, a cognizable claim under the APA. Plaintiff also filed an amended complaint for the first time. Docket No. 13-1.

On January 17, 2017, Defendants timely filed "Defendants' Reply to Plaintiff's Objections to Magistrate's Report and Recommendation and Reply to the Plaintiff's Motion for Leave to File an Amended Complaint" (Docket No. 15). Defendants' re-argue that "jurisdiction under § 1503 is not available based on the grounds that 'the evidence received [was] not sufficient to establish identity'" and that an APA "arbitrary and capricious" claim would be futile. Docket No. 15 at 8, 11–13. DOS requests this Court take judicial notice of the Texas Department of Public Safety's Texas Identification Card features.

4

III. **DISCUSSION**

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). A party may challenge a district court's subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). The party asserting jurisdiction bears the burden to prove the district court has jurisdiction. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). In ruling on a Rule 12(b)(1) motion to dismiss, courts must "accept all factual allegations in the plaintiff's complaint as true." *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001) (citation omitted). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Mississippi, Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) (citation omitted).

Federal Rule of Civil Procedure 12(b)(6) allows dismissal of a claim if a plaintiff fails "to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). To withstand a 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A pleading that offers merely a "formulaic recitation of the elements of a cause of action will not do," rather, factual allegations are facially plausible when they allow a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009 (citation omitted). Last, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556.

A.  **The Court lacks jurisdiction to provide declaratory judgment.**

A person may challenge an agency's denial of a claimed right or privilege as a U.S. citizen under 8 U.S.C. § 1503. The administrative remedy at issue is described in § 1503(a).

In relevant parts, § 1503(a) states as follows:

5

> [i]f any person who is within the United States claims a right or privilege as a national of the United States and is denied such right or privilege by any department or independent agency, or official thereof, upon the ground that he is not a national of the United States, such person may institute an action under the provision of section 2201 of Title 28 against the head of such department or independent agency for a judgment declaring him to be a national of the United States . . . .

The statute authorizes a declaratory judgment action "on behalf of a person within the United States who claims a denial of a right or privilege as a national, such as the issuance of a passport." *Nelson v. Clinton*, No. CIV.A. H-10-0058, 2010 WL 5342822, at *3 (S.D. Tex. Dec. 21, 2010) (citations omitted).

A U.S. passport is a travel document that establishes both identity and nationality. *See* 22 C.F.R. § 51.1 (defining a passport as a "travel document regardless of format issued under the authority of the Secretary of State attesting to the identity and nationality of the bearer"); *see also Haig v. Agee*, 453 U.S. 280, 293 (1981) (noting that a passport "is both proof of identity and proof of allegiance to the United States"). The State Department regulations also distinguish the two requirements, addressing identity and nationality in two separate subsections. *See* 22 C.F.R. § 51.23 (identity); *see also* 22 C.F.R. §51.40 (nationality). Specifically, 22 C.F.R. § 51.23(a) states that an applicant "has the burden of establishing his or her identity," while 22 C.F.R. § 51.40 states that an applicant "has the burden of proving that he or she is a U.S. citizen or non-citizen national."

On July 15, 2015, Defendants sent Plaintiff correspondence requesting additional identification and asked Plaintiff to correct a purported error in the social security number he listed in his application. Docket No. 2 Ex 6. On July 23, 2015, Plaintiff responded to the State Department's request by submitting two identifications, a "Work ID" and a "TX ID." Docket No. 2 Ex. 6. On October 2, 2015, DOS denied his application, stating that the submitted supplementary identification was insufficient. Docket No. 2 Ex. 7.

Plaintiff argues that a rejection of identifying documents in a passport application is, in essence, a rejection of his claim of U.S. citizenship. Plaintiff is incorrect because, as stated above, proving identity and nationality are treated as

6

Case 1:16-cv-00199 Document 18 Filed in TXSD on 02/07/17 Page 7 of 12

separate passport requirements. A denial of a passport on the basis of insufficient identity documentation is not a cause of action under § 1503(a); the statute authorizes recourse only for individuals denied a right or privilege on the basis of non-nationality, not on any other basis. Plaintiff argues that in denying his § 1503(a) claim, this Court would be closing its doors to Plaintiff's claim of U.S. citizenship. While a Court cannot create jurisdiction simply to offer remedy to a Plaintiff, the Plaintiff may seek other avenues to receive his U.S. passport, such as re-applying for a passport.

Because Plaintiff's claim is subject to dismissal for lack of jurisdiction, the Court will not address the Rule 12(b)(6) motion to dismiss set forth in "Defendant's Motion to Dismiss" (Docket No. 4).

### B. Plaintiff did not properly amend his complaint to add an APA claim.

In anticipation of dismissal of his § 1503 claim, Plaintiff states that he should "be allowed to amend his complaint to add a count under the Administrative Procedure Act." Docket No. 5 at 5. A party may amend its pleading once as a matter of course within 21 days after service of a motion under Rule 12(b). FED. R. CIV. P. 15(a)(1)(B). Plaintiff requested to amend his complaint in "Plaintiff's Opposition to Defendants' Motion to Dismiss" (Docket No. 5), but did not attach an amended complaint to the filing or otherwise conform to the Rule 8 pleading standard. *See generally* FED. R. CIV. P. 8. Therefore, Plaintiff's request to amend his Complaint is **DENIED**.

### C. The Court would deny leave to amend because Plaintiff's APA claims would be futile.

Even if Plaintiff's request is taken as a motion for leave to amend his Complaint pursuant to Rule 15(a)(2), which states that a party may amend its pleading with the court's leave, such request would be denied because amending his Complaint would be futile. FED. R. CIV. P. 15(a)(2).

7

In deciding whether to grant leave to amend, a district court may consider a variety of factors, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (citation omitted). An amendment is futile if it fails to state a claim upon which relief could be granted. *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000) (citations omitted). The Court must determine whether "in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief." *Id.* (quoting *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (internal quotations omitted) (quoting *Lowrey v. Tex. A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997).

i. The State Department's denial of Plaintiff's passport was not arbitrary or capricious under the APA.

The APA provides that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702.

A reviewing court shall "hold unlawful and set aside agency action, findings, and conclusions found to be" arbitrary or capricious. 5 U.S.C. § 706(2)(A). The arbitrary and capricious standard is met when an agency 1) relied on factors which Congress did not intend for it to consider; 2) failed to consider important aspects of an issue; 3) made a decision that runs counter to the evidence; or 4) made a decision that is inexcusably implausible. *See Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983). The "arbitrary and capricious" scope of review is narrow; a court "is not to substitute its judgment for that of the agency." *Id.* A federal court may "'uphold a decision of less than ideal clarity if the agency's path may be reasonably discerned.'" *Id.* (quoting *Bowman Transp. Inc. v. Arkansas-Best Freight System*, 419 U.S. at 286 (1974)). Although the standard is

8

deferential, a reviewing court's inquiry must "'be searching and careful." *Citizens to Pres. Overton Park, Inc. v. Volpe*, 401 U.S. 402, 416 (1971), *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977).

Plaintiff's theory is that the documents he presented were sufficient to establish his identity, and therefore the agency's denial of his passport was arbitrary and capricious. Docket No. 5 at 5. Magistrate Judge Torteya reviewed the administrative record and found that Plaintiff provided two forms of identification, an employment identification card that expired in December 2011 and a second identification card "purportedly issued by the State of Texas." Docket No. 11 at 5. Magistrate Judge Torteya concluded that the state identification card "was not issued by the State of Texas, as it bears no resemblance to Texas identification cards issued in 2014 and lacks other important details to be contained on those cards." *Id.* Such differences, according to Magistrate Judge Torteya, include the size and type of font on the card, the missing issuing number and the fact that the expiration date is not six years after date of issuance, as in other state-issued identification cards. *Id.*; *see* Tex. Dep't. Pub. Safety, *Texas DL and ID Card Features* (April 2009), http://www.texaspoliceassociation.com/pdfs/TexasNewDLInfoSheetApr2009.pdf. Pursuant to DOS's request, this Court takes judicial notice of the Texas Department of Public Safety's Texas Identification Card features.

Given the differences between Plaintiff's "TX ID" and Texas identification cards issued at the same time, coupled with the fact that the only other identification document submitted by the Plaintiff was an expired "Work ID," this Court finds that the path to denial of Plaintiff's passport due to insufficient identification evidence may be reasonably discerned. Accordingly, in light of this Court's limiting role in reviewing the administrative record and Plaintiff's burden of proving his identity under the legal framework controlling DOS's discretion in issuing passports, this Court finds no clear error in the Report's conclusion that DOS's action was not arbitrary or capricious. Therefore, Plaintiff's "arbitrary and capricious" APA claim would be futile.

9

ii. <u>The State Department's actions in reviewing Plaintiff's identification documents were in accordance with the law.</u>

The APA provides that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. A reviewing court shall "hold unlawful and set aside agency action, findings, and conclusions found to be . . . not in accordance with the law." 5 U.S.C. § 706(2)(A). Plaintiff argues that by limiting the identification evidence DOS would accept in its correspondence to Plaintiff, the agency's actions were "not in accordance with" 22 C.F.R. § 51.23, the federal regulation that dictates how a passport applicant can establish his or her identity. Docket No. 13 at 7; Docket No. 2 Ex. 6.

"An agency's interpretations of the statues and regulations it administers should be given deference." *Efe v. Ashcroft*, 293 F.3d 899, 903–04 (5th Cir. 2002); citing *Chevron U.S.A., Inc. v. Natural Resources Defense Council*, 467 U.S. 837 (1984). When reviewing an agency's construction and application of its regulations, the Court must give "controlling weight" to the agency's interpretation "unless it is plainly erroneous or inconsistent with the regulation." *Bowles v. Seminole Rock & Sand Co.*, 325 U.S. 410, 414 (1945).

Title 22, Section 51.23 of the Code of Federal Regulations states that a passport applicant "has the burden of establishing his or her identity" through the "submission of a previous passport, other state, local, or federal government officially issued identification with photograph, or other identifying evidence which may include an affidavit of an identifying witness." The regulation also makes clear that "[t]he Department may require such additional evidence of identity as it deems necessary." 22 C.F.R. § 51.23(c).

Title 22, Section 51.23 of the Code of Federal Regulations allows for submission of not only a "previous passport, other state, local or federal government officially issued identification," but also "other identifying evidence, which may include an affidavit of an identifying witness" in a passport application. Once Plaintiff submitted his documentation, the statute makes clear that "[t]he

10

Department may require such additional evidence of identity as it deems necessary." *Id.* After a review of Plaintiff's passport application, including any identification documents or affidavits submitted by Plaintiff, DOS had the authority to request that Plaintiff submit additional specific forms of identity. In fact, the DOS correspondence gave Plaintiff the opportunity to submit *five* different forms of valid identification documentation.

Plaintiff was not limited in offering an affidavit when he first submitted his application. Further, 22 C.F.R. § 51.23 permitted DOS to select forms of evidence that would satisfy Plaintiff's burden of establish his identity after reviewing the application record. Accordingly, DOS's actions were "in accordance with law," and Plaintiff's APA claim would be futile.

## IV. **CONCLUSION**

Plaintiff's claim under § 1503(a) fails because a denial of a passport on the basis of failing to establish identity is not a cause of action under the statute, thereby stripping this Court of jurisdiction.

In the alternative, Plaintiff seeks to amend his complaint to add an APA "arbitrary and capricious" claim against DOS and a claim that DOS's actions were "not in accordance with the law," also in violation of the APA . Plaintiff did not amend his complaint in conformity with the Federal Rules of Civil Procedure; therefore this Court will not accept his amended complaint filed for the first time in Plaintiff's "Objections to the Magistrate Judge's Report and Recommendations" (Docket No. 13). Even if Plaintiff's request were taken as a petition for leave to amend his complaint, Plaintiff's request is denied because his APA claims would be futile.

For the foregoing reasons, the "Report and Recommendation of the Magistrate Judge" (Docket No. 11) is **ADOPTED**. The Clerk's Office is hereby **ORDERED** to close this case.

Signed on this \_\_7th\_\_ day of \_\_February\_\_, 2017.

11

_____
Rolando Olvera
United States District Judge